**Exhibit A**

IMAGED

2450
2500

ι٩

## IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT
## DU PAGE COUNTY, WHEATON, ILLINOIS

MC CANN INDUSTRIES, INC.                  )
                        Plaintiff          )
        -VS-                               )      NO.    09 L 01386
CAMP FLOORING & CONCRETE COATINGS,         )
INC. and ROBERT C. CAMP, individually      )
                        Defendants         )

### JUDGMENT

**THIS CAUSE** coming on to be heard upon Plaintiff's Motion for Determination of Interest and Attorneys Fees and the Court being fully advised in the premises;

### THE COURT FINDS:

1.    Pursuant to a written agreement between Plaintiff and Defendants, Plaintiff is entitled to an award of Plaintiff's reasonable attorneys' fees. A reasonable attorneys' fee for the services rendered and time expended by Plaintiff's attorney to date is $13,900.

3.    The Court finds there is no just reason for delaying enforcement or appeal of this Order.

### IT IS ACCORDINGLY HEREBY ORDERED:

1.    Plaintiff is awarded $13,900 for its attorneys fees and $59,140.07 for interest against Defendants Camp Flooring & Concrete Coatings, Inc. and Robert C. Camp.

2.    The judgment herein entered November 22, 2010 against Camp Flooring & Concrete Coatings, Inc. is increased to a total judgment $489,025.37 plus court costs. Plaintiff may execute immediately on this Judgment.

3.    The judgment herein entered November 22, 2010 against Robert C. Camp is increased to a total judgment $339,025.37 plus court costs. Plaintiff may execute immediately on this Judgment.

4.    The Court reserves jurisdiction over the question of Post-Judgment attorneys' fees for services to be rendered in the prosecution of this case.

NIGRO, WESTFALL & GRYSKA, P.C.                    DATED:            April 19, 2011
DuPage Atty. No. 57176
1793 Bloomingdale Road
Glendale Heights, IL 60139
(630) 682-9872                                   ENTER:
                                                              JUDGE

CITATION TO DISCOVER ASSETS - JUDGMENT DEBTOR                                    2210    (Rev. 02/06)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |
|---|---|---|

| | CASE NUMBER | |
|---|---|---|
| McCann Industries, Inc.<br><br>PLAINTIFF<br><br>-vs-<br><br>Camp Flooring & Concrete et.al.<br><br>DEFENDANT | 2009 L 1386 | File Stamp Here |

## CITATION TO DISCOVER ASSETS

To: Robert C. Camp, Ind. and as Officer of Camp Flooring & Concrete Coatings, Inc., 1600 Heather Lane, Darien, IL 60561
(Name and address of Defendant or Respondent)

**YOU ARE COMMANDED** to appear before the presiding Judge in Courtroom No 2010 located at the DuPage County Judicial Center, 505 North County Farm Road, Wheaton, Illinois on May 18 , 2011 at 9:00 A. M., to be examined under oath to discover assets or income not exempt from the enforcement of the judgment. A Judgment in favor of McCann Industries, Inc. and against Robert C. Camp, Ind. and as Officer of (Judgment Debtor) was entered on April 19, 2011 and $ $339,025.37 + costs remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination (bring with you) all books, papers, or records in your possession or over which you have control, which may contain information concerning the property or income of, or indebtedness due judgment debtor and: See Attached Exhibits A and B

You are prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor.

**WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

## CERTIFICATE OF ATTORNEY OR JUDGEMENT CREDITOR

Judgment Amount:  339,025.37 + costs          Balance Due: $341,939.77
Date of Judgment/Revival: April 19, 2011       Case number: 2009 L 1386
Name of Court Entering Judgment: 18 Judicial Circuit Court
The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct. _____
Signature

**Electronically Issued**

Name: Nigro, Westfall & Gryska, P.C.
Attorney For: Plaintiff, McCann Industries, Inc.
DuPage Attorney No.: 57176
Address: 1793 Bloomingdale Road
City/State/Zip: Glendale Hts., IL 60139
Telephone: 630-682-9872

WITNESS: CF Date 04/22/2011 UBAS, Clerk of the Eighteenth the _____
**CHRIS KACHIROUBAS, Clerk**

By JAMES KUFER
_ifteenth Deputy Circuit Court

3346956
CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

CERTIFICATE OF ATTORNEY IN CITATION PROCEEDINGS                2336 (Rev. 04/06)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |
|---|---|---|

McCann Industries, Inc.

**CASE NUMBER**

2009 L 1386

PLAINTIFF

vs

Camp Flooring & Concrete Coatings,
Inc. and Robert C. Camp, Ind.

DEFENDANT

*Chris Kachiroubas*
**** Electronically Filed ****
Transaction Id : 3346956
2009L001386
04/22/2011
JAMES KUFER

File Stamp Here

## CERTIFICATE OF ATTORNEY IN CITATION PROCEEDINGS

I, the undersigned attorney for the Judgment Creditor that entered the judgment certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure 735 ILCS 5/1-109 of the Illinois Compiled Statues that the statements set forth in this instrument are true and correct.

1.    That judgment was entered on ___April 19, 2011___ in ___18th Judicial Circuit___,
      (Date)                          (Name of Court)

      Court of ___DuPage___ in the State of ___Illinois___.
              (Name of County)                    (Name of State)

2.    The case number of that proceeding is ___09 L 1386___.

3.    The amount of Judgment                                          $      339,025.37

              (a)    Allowable costs previously expended             $      380.00

              (b)    Filing and summons costs of prior supplemental proceedings    0.00

              (c)    Filing and service costs for this citation proceeding    $    110.00

              (d)    Interest on Judgment to this date               $      2,424.40

                     **TOTAL**                                       $      341,939.77

      DEDUCT: Total amount paid by or on behalf of the             $      0.00
              Judgment Debtor prior to this citation.

      **BALANCE DUE JUDGMENT CREDITOR**                      $  341,939.77

Name: Nigro, Westfall & Gryska, P.C.    ☐ PRO SE
DuPage Attorney Number: ___57176___
Attorney for: ___Plaintiff, McCann Industries, Inc.___
Address: ___1793 Bloomingdale Road___
City/State/Zip: ___Glendale Hts., IL 60139___           Judgment Creditor or Attorney
Telephone Number: ___630-682-9872___

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

### EXHIBIT FOR CITATION TO DISCOVER ASSET COURT FORM
### CITATION TO DISCOVER ASSETS-JUDGMENT DEBTOR (CORPORATION)
### EXHIBIT "A"

YOU ARE COMMANDED TO PRODUCE at the examination, all books papers, or records in your possession or over which you have control, which may contain information concerning the property assets and income of the Judgment Debtor during the last three (3) years including but not limited to:

1.    all financial records and statements;

2.    checking and savings account books and records and all cancelled checks;

3.    Federal Income tax returns;

4.    a list of all equipment and vehicles and evidence of title, including, but not limited to all title records;

5.    all accounts receivables records, including supporting records;

6.    the corporate book and minutes;

7.    all employee compensation records and name and address of each employee and owner;

8.    records evidencing any interest in any real estate, land trust, partnership or other entity;

9.    all loan records-notes, mortgages, security agreements, UCC statements and payment records;

10.    copy of all court pleadings in cases in which you are a party;

11.    all agreements indicating property or monies due or to become due;

12.    all existing contracts and contracts which the Judgment Debtor has provided any equipment, goods or services within the last year and records concerning such contracts indicating the name, address and phone number of the customer, the amount of the compensation to be paid, the amount of compensation received and the extent to which the Judgment Debtor has fully performed, and all check stubs or copies of checks received.

YOU ARE FURTHER COMMANDED to refrain from transferring or interfering with any property not exempt from execution, a deduction order or garnishment belonging to the Judgment Debtor or to which it may be entitled or which may become due the Judgment Debtor.

YOUR FAILURE TO COMPLY WITH THIS CITATION MAY SUBJECT YOU TO PUNISHMENT FOR CIVIL CONTEMPT OF THIS COURT OR TO A JUDGMENT FOR THE AMOUNT UNPAID, OR BOTH.

Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
(630)682-9872
(12/07)

## CITATION TO DISCOVER ASSETS - <u>JUDGMENT DEBTOR</u>

## EXHIBIT "B"

YOU ARE COMMANDED to produce at the examination (bring with you) all books, papers, or records in your possession or over which you have control, which may contain information concerning your property and income including:

1.   All checking and savings account records for the past three (3) years
2.   All Federal income tax returns for the past three (3) years
3.   All documents showing any interest you may have in any real estate or land trusts
4.   All titles to any and all vehicles owned by you.
5.   All documents evidencing ownership of stocks, notes, certificates of deposit or other securities
6.   All documentation reflecting any interest in pension or profit sharing plans or individual retirement accounts
7.   All documents reflecting any claim or lawsuit which you may have against another
8.   All life insurance policies and statements of cash value
9.   All documents evidencing any transfer of real estate or transfer of personal property valued greater than $500.00 within the last three (3) years.
10.   All records evidencing income during the last three (3) years
11.   All documents indicating an interest in any partnership, sole proprietorship, joint venture or corporation, and any shareholder agreements.
12.   If you are self-employed or employed by any entity in which you have an ownership interest or if not employed but have a 50% or greater interest in an entity, produce the following regarding said entity:

    a).   All Corporate and Partnership formation documents including Corporate Minute Book.
    b).   The Illinois Department of Revenue IL-1040-ES and IRS 1040-ES forms for the present year and the year preceding.
    c).   All leases
    d).   All checks paid to you or your spouse in the last 12 months.
    e).   All compensation agreements and records.
    f).   All financial statements for the last 3 years.
    g).   All documents reflecting any claim or lawsuits
    h).   All documents concerning any assets and/or liabilities
    i).   All business records, job folders and account receivable records for the past 12 months.

YOU ARE FURTHER COMMANDED to refrain from transferring or interfering with any property (not exempt from execution, a deduction order or garnishment) belonging to the judgment debtor or to which the Judgment Debtor may be entitled or which may become due to the Judgment Debtor.

**YOUR FAILURE TO COMPLY WITH THIS CITATION MAY SUBJECT YOU TO PUNISHMENT FOR CIVIL CONTEMPT OF THIS COURT OR TO A JUDGMENT FOR THE AMOUNT UNPAID, OR BOTH.**

Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Rd.
Glendale Heights, IL 60139
(630) 682-9872
citation - judgment debtor exhibit

Document received on 04/22/2011  Document accepted on 04/22/2011 11:05:10 # 3346956/1704333254

CITATION TO DISCOVER ASSETS CITATION NOTICE                                                  2209 (Rev. 11/06)

| **STATE OF ILLINOIS** | **UNITED STATES OF AMERICA**<br>**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** | **COUNTY OF DU PAGE** |
|---|---|---|

| McCann Industries, Inc. | 2009 L 1386 | *Chris Kachiroubas*<br>**** Electronically Filed ****<br>Transaction Id : 3346956<br>**2009L001386**<br>04/22/2011<br>**JAMES KUFER** |
|---|---|---|
| PLAINTIFF / (Judgment Creditor) | **CASE NUMBER** | |
| VS | | |
| Camp Flooring & Concrete, et.al. | | |
| DEFENDANT / (Judgment Debtor) | | File Stamp Here |

## CITATION NOTICE

Name and Address of Court: 18th Judicial Circuit Court, 505 N County Farm Road, Wheaton, Illinois

Judgment Debtor Address: 1600 Heather Lane, Darien, IL 60561

Name and Address of Attorney for Judgment Creditor or Judgment Creditor: Michael T. Nigro, 1793 Bloomingdale Rd., Glendale Hts

Amount of Judgment: $339,025.37 + costs

Name of Person Receiving Citation: Robert C. Camp, Ind. and as officer of Camp Flooring & Concrete Coatings, Inc.

Court Date  May 18, 2011           Time     9:00 a.m.              Courtroom        2010

NOTICE: The Court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above, or after the court date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.
The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HASTHE RIGHT TO ASSERT STATUTORY EXEMPTION AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; veteran's benefits; public assistance benefits; unemployment benefits; compensation benefits; workers compensation benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when owned and occupied as a residence to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (1) 15% of the gross amount paid for that week, or (2) the greater of (a) the amount that the weekly disposable earnings exceeds the minimum hourly wage or (b) the minimum hourly wage prescribed by Section 4 of the Minimum Wage Law.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (1) 25% of disposable earnings for a week or (2) the amount by which disposable earnings for a week exceed 30 times the Federal Minimum Hourly Wage.

(5) Pension and retirement benefits may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law. 735 ILCS 5/12-1001

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.

The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the Clerk in writing at 505 North County Farm Road, Wheaton, Illinois. When so notified the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location for the hearing. This notice may be sent by regular first class mail.

Name: Nigro, Westfall & Gryska, P.C.

Attorney for Judgment Creditor or Judgment Creditor                    Signature of Attorney for Judgment Creditor or Judgment Creditor
DuPage Attorney No. : 57176

Address: 1793 Bloomingdale Road

City/State/Zip: Glendale Hts., IL 60139                                          Date

Telephone: 630-682-9872

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

**State of Illinois**                          **County of Du Page**

## Affidavit of Service

I, Alfred J Chiappano, being duly sworn on oath state that I am an Illinois Licensed Private Detective, License # 115-001110. Also, that I am over the age of eighteen and not a party to this litigation.

Court Date        5-18-11
**At the below listed date and time, I state that I served the following:**

<u>Citation to Discover Assets</u>

Case Name        <u>McCann Industries Inc. VS Camp Flooring</u>
Docket number    <u>2009 L 1386</u>

_____**XX**_____**Personal Service:** Service of process to defendant personally.

_____**Abode Service:** Service of process to the defendants usual place of abode to a cohabitant over the age of thirteen and a copy of the process mailed in a sealed envelope with postage fully paid to the defendants usual place of abode.

_____**Corporate Service:** Service of process to the registered agent, Officer or employee for the Company.

_____**Other Service:**_____

Person to be served        **Robert Camp**
Person Served              **Robert Camp**
Relationship               **Self**

**Sex**  **M**  **Race**  **W**  **Age**  **45-50**    **Hgt**  **5 10**  **Wgt**  **200**
**Address of Service:**  **1600 Heather lane., Darien, Il.**

**Service Date**  **5-7-11**    **Service Time**  **12:27M**    **Mailing date**  **N/A**

Cost of Service $55.00

_____
Notary Public

_____
Alfred J. Chiappano

Subscribed OFFICIAL SEAL before me
This / JEANNE CHIAPPANO / 20 1
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/19/2014

ORDER - BLANK                                                            2116 (Rev. 07/09)

**STATE OF ILLINOIS**     **UNITED STATES OF AMERICA**     **COUNTY OF DU PAGE**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

McCann Industries

*09L1386*

**CASE NUMBER**

vs

Comp Flooring
et el

AGREED

**ORDER**

File Stamp Here

This matter coming on to be heard, the Court being fully advised in the premises and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:** Robert Comp, Sr.

The Citation to Discovery Assets is

continued to August 1, 2011 at 9:00 AM.

Defendant Robert Comp, Sr. shall produce

all documents requested in the Citation

and by Plaintiffs' counsel relating to his

income, assets and transferring of assets before

the above court date.

Name: M Nigro    ☐ PRO SE    ENTER:

DuPage Attorney Number: 57176

Attorney for: π     /s/ Leaton

Address:     Judge

City/State/Zip: Glen Dale IL

Telephone: 630-682-9572    Date: 7-20-11

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

ORDER - BLANK

2116 (Rev. 07/09)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

M-Lann Industries

vs

Camp Flooring

_09L 1386_
**CASE NUMBER**

File Stamp Here

**ORDER**

This matter coming on to be heard, the Court being fully advised in the premises and having jurisdiction of the
subject matter, **IT IS HEREBY ORDERED:**

The Citation on Robert Camp, Sr is
continued to 8-23-11 at 9:00 AM

Name: _M Nigro_ ☐ PRO SE

DuPage Attorney Number: _57176_

Attorney for: _π_

Address:

City/State/Zip: _Glendale Hts_

Telephone: _630-582-9872_

ENTER:

Judge

Date: _8-1-11_

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

RULE 9.08(a) RULE TO SHOW CAUSE - FAILURE TO OBEY ORDER          (3)          2215 (Rev. 05/06)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

McCann Industries

vs

Camp Flooring
+ Robert Camp, Sr.

2009 L 1386

**CASE NUMBER**

File Stamp Here

### ORDER
### RULE TO SHOW CAUSE

This matter coming before the Court on petition of _____ PO mntff _____ proper
cause having been shown, the Court being fully advised in the premises; and having jurisdiction of parties
and subject matter:

**IT IS HEREBY ORDERED** that _____ Robert Camp, Sr _____ appear before this court in
room _____ 2010 _____ located at: ☒ DuPage County Judicial Center, 505 N. County Farm Rd., Wheaton, Illinois
☐ Other _____

on _____ 9-20-11 _____ at _____ 9:00 am _____ and show cause, if any he/she may have, why he/she should not be

held in Contempt of Court for his/her failure to obey an order of the Court entered

requiring him/her to _____ produce documents required in Plaintiff's Attorney
Letter of July 19, 2011 and August 23, 2011.

**IT IS FURTHER ORDERED** that the respondent be personally be served a copy of this order.

NOTICE TO JUDGMENT DEBTOR
IF YOU FAIL TO APPEAR BEFORE THE COURT AT
THE TIME AND PLACE SET FORTH, YOU MAY BE
TAKEN INTO CUSTODY AND HELD IN JAIL ON
CHARGES OF CONTEMPT OF COURT.

Name: _____ M Ninn _____ ☐ PRO SE
DuPage Attorney Number: _____ 57176 _____
Attorney for: _____ π _____
Address: _____
City/State/Zip: _____ Glendale Hts _____          Judge _____
Telephone Number: _____ 630-482-9872 _____          Date: _____ 8-23-11 _____

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

ORDER - BLANK

2116 (Rev. 07/09)

**STATE OF ILLINOIS**
  
**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

McCann Industries, Inc.

09 L 01386
CASE NUMBER

vs

Camy Flooring +
Robert C Comp

File Stamp Here

**ORDER**

This matter coming on to be heard, the Court being fully advised in the premises and having jurisdiction of the
subject matter, **IT IS HEREBY ORDERED:**

Roberts McGiveney + Zogotta, LLC is granted
leave instanter to file its appearance
for Robert C. Comp and Peter and Nancy
Updolyak and is granted 21 days to file
its response to the Motion to Avoid
Transfers.

The Matter is set for Status on 11-1-11
at 9:00 AM

Name: M Divino                    ☐ PRO SE          ENTER:

DuPage Attorney Number: 57176

Attorney for: Plaintiff

Address:

City/State/Zip: Glendale Hts. IL

Telephone: 630-687-9872

Judge

Date: 9-20-11

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707



ORDER - BLANK                                                                    2116 (Rev. 07/09)

**STATE OF ILLINOIS**                    **UNITED STATES OF AMERICA**                **COUNTY OF DU PAGE**
                    **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

McCann Industries

09 L 01386
CASE NUMBER

vs

Camp Flooring &
Coatings Inc, et al

File Stamp Here

Agreed **ORDER**

This matter coming on to be heard, the Court being fully advised in the premises and having jurisdiction of the
subject matter, **IT IS HEREBY ORDERED:**

    A. Peter and Nancy Vrdolyak are granted leave to file a Reply
    brief in further support of their Motion to Dismiss for
    lack of jurisdiction within 14 days, on a before
    November 3, 2011.

    B. Peter and Nancy Vrdolyak's Responses to the Plaintiffs
    Rule 216 Requests to Admit are excused and stayed
    pursuant to Supreme Court Rule 201(c) until further
    order of court;

    C. A hearing on re Motion to Dismiss for lack of jurisdiction
    shall be held November 21, 2011 at 9:30 a.m. and

    D) The previously set November 1, 2011 status is
    Stricken.

Name: Roberts McGivney Zagotta ☐ PRO SE          ENTER:
DuPage Attorney Number: 257767
Attorney for: Vrdolyak / Camp
Address: 55 W Monroe St #1700
City/State/Zip: Chicago IL 60603                          Judge
Telephone: 312 251-2267                 Date:    10-20-11



CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

ORDER - BLANK            .. 2116 (Rev. 07/09)

**STATE OF ILLINOIS**     **UNITED STATES OF AMERICA**     **COUNTY OF DU PAGE**
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

McCann Industries

vs

Camy Flooring
et al

CASE NUMBER

09 L 1386

File Stamp Here

## ORDER

This matter coming on to be heard, the Court being fully advised in the premises and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

    ① Plaintiff is granted leave without prejudice
to withdraw request items C + D of its
prayer for relief in the Motion to Avoid Fraudulent Transfers
    ② Vrydolyak's Motion to Dismiss is denied.
    ③ Vrydolyak is enegranted until 1-4-12 to
answer the Motion to Avoid Fraudulent Transfers
and McCann's Request to Admit, if they elect
to participate in this proceeding.
    ④ This matter is continued to 1-17-12 at 9:00 AM
for status and setting for hearing

Name: M Vigit    ☐ PRO SE
DuPage Attorney Number: 57576
Attorney for: T
Address:
City/State/Zip: Glendale Hts
Telephone: 630-682-9872

ENTER:

/s/ Leston
        Judge
Date: 11-21-11

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

ORDER - BLANK

2116 (Rev. 10/11)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

McCann Industries

2009 L 1386

**CASE NUMBER**

vs

Camp Flooring et al

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

This matter is continued to

2-28-12 at 9:00 AM for status

Name: _M N Igaro_    ☐ PRO SE        ENTER:

DuPage Attorney Number: _57176_

Attorney for: _TT_

Address: _____

City/State/Zip: _Bartlett IL_

Judge

Telephone: _630-582-9872_        Date: _1-17-12_

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

MC CANN INDUSTRIES, INC. )
)
         Plaintiffs, )
)
         v. )    No.:   09 L 01386
)
CAMP FLOORING & CONCRETE COATINGS, )
INC. and ROBERT C. CAMP, individually; )
)
)
         Defendants. )

## AGREED ORDER

    This matter coming to be heard on the Parties Motion for Entry of an Agreed
Order granting leave for the Judgment Debtor, Robert C. Camp, to sell certain real
property, due notice having been given and the Court being fully advised in the Premises,
IT IS ORDERED:

1. Judgment Debtor, Robert C. Camp, is hereby granted leave to sell the real
   property located at 434 W. Smoketree Road, Gilbert, Arizona (the "Arizona
   Property"); and

2. Any proceeds of the sale of the Arizona Property payable to Third party
   respondent, Peter J. Vrdolyak, III ("Vrdolyak"), by reason of the Subordinated
   Mortgage and Security Agreement in his favor, shall be held in the client trust
   account of Vrdolyak's attorneys, Roberts McGivney Zagotta LLC, until further
   order of Court.

AGREED:

_Michael T. Nigro_

Atty. for Plaintiff
Michael T. Nigro
Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Rd.
Glendale Heights, IL 60139

Prepared by:
Atty. No: 259967
Craig E. Donnelly
Attorney for: Robert C. Camp and
Peter J. Vrdolyak, III
ROBERTS McGIVNEY ZAGOTTA LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603

Atty. for Robert C. Camp and Peter J. Vrdolyak, III
Craig E. Donnelly
Roberts McGivney Zagotta LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603

ENTERED:

_/s/ Leston_

JUDGE

Date: _2-7-12_

ACTION ORDER                                                                                      2276 (Rev. 08/06)

| **STATE OF ILLINOIS** | **UNITED STATES OF AMERICA**<br>**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** | **COUNTY OF DU PAGE** |

_M. Cann_
PLAINTIFF

**2009 L 1386**

**CASE NUMBER**

vs

_Camp Flooring_
DEFENDANT

File Stamp Here

## ACTION ORDER

This matter having come before the Court for status report, the Court having jurisdiction and being fully advised in the premises:

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby dismissed for want of prosecution. (Code 1790)

on Motions + Citation

☒ **IT IS HEREBY ORDERED** that this cause be and is hereby set for status review on _3-27-12_
at _9:00 AM_ in Courtroom _2010_ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Prove-up on _____
at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Pre-Trial Conference on _____
at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Bench Trial on _____
at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Jury Trial on _____
at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for hearing on motion on _____
at _____ in Courtroom _____ (Code 1640)

☐ The Clerk of the Court is ordered to strike the future date of _____ . (Code 2840)

Name: _M Niaro_  ☐ PRO SE
DuPage Attorney Number: _5776_
Attorney for: _π_
Address: _____
City/State/Zip: _Oakdale Hts_                                    Judge
Telephone Number: _630-682-9872_        Date: _2-28-12_

ACTION ORDER                                                           2276 (Rev. 08/06)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

_McCann_

PLAINTIFF

_2009 L 1386_

vs

CASE NUMBER

_Camp Flooring et al_

DEFENDANT

File Stamp Here

## ACTION ORDER

This matter having come before the Court for status report, the Court having jurisdiction and being fully advised in the premises:

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby dismissed for want of prosecution. (Code1790)

☑ **IT IS HEREBY ORDERED** that this cause be and is hereby set for status review on _4-24-12_    _Motions + Citations_
   at _9:00 AM_ in Courtroom _2010_____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Prove-up on _____
   at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Pre-Trial Conference on _____
   at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Bench Trial on _____
   at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for Jury Trial on _____
   at _____ in Courtroom _____ (Code 1640)

☐ **IT IS HEREBY ORDERED** that this cause be and is hereby set for hearing on motion on _____
   at _____ in Courtroom _____ (Code 1640)

☐ The Clerk of the Court is ordered to strike the future date of _____ . (Code2840)

Name: _M Nigro_____ ☐PRO SE
DuPage Attorney Number: _57176_____
Attorney for: _____π_____
Address: _____
City/State/Zip: _6 Randall Hts_____
Telephone Number: _630-682-9872_

Judge _____

Date: _3-27-12_____

ORDER - BLANK

$1 = 3$

2116 (Rev. 10/11)

**STATE OF ILLINOIS**     **UNITED STATES OF AMERICA**     **COUNTY OF DU PAGE**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

McCann Industries

09L 1386

CASE NUMBER

vs

Camp Flooring

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

_____ Plaintiff shall file its Motion to Compel

on or before 5-1-12.

_____ Defendant Robert Camp and/or Vryolyaki's

shall file their response by 5-11-16.

Plaintiff shall file its Reply by 5-16-12.

Said Motion is set for hearing on 5-21-12

at 9:30 AM.

_____

_____

_____

_____

_____

Name: _____  ☐ PRO SE     ENTER:

DuPage Attorney Number: 57176

Attorney for: _____

Address: _____

City/State/Zip: _____      Judge

Telephone: 630-682-9872     Date: 4-24-12

ORDER - BLANK                                                                    2116 (Rev. 10/11)

**STATE OF ILLINOIS**              **UNITED STATES OF AMERICA**              **COUNTY OF DU PAGE**
                        **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

McLenn Industries

vs

Camp Flooring

CASE NUMBER: 09 L 1386

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

(1) The objections to Discovery *~~probably~~* of Peter J. Vidolyak and Robert C. Camp are denied and said Respondents shall provide the following documents within 24 days to Plaintiff's Counsel: All Financial statements, Ledgers, reports, records of distribution offering statements and similar statements and correspondence + statements to its members relating to the financial condition of Charter Fitness Holding 7, LLC and Founders Gaming 1B, LLC. Non-family members of Robert C Camp may be redacted from said production.

(2) Said production shall be subject to a protective order prepared by the parties and approved by the Court.

(3) Plaintiff's request for attorneys fees is Denied.

(4) This matter is continued for status to 7-23-12 at 9:00 AM

(5) Schirott, Luetkehans + Garner PC is granted leave instanter to file its appearance for Vidolyak's.

Name: M Vigen          ☐ PRO SE          ENTER:

DuPage Attorney Number: 57176

Attorney for: T

Address:

City/State/Zip: Glendale Hts.

Telephone: 630-682-9871

Judge

Date: 5-21-12



IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| MC CANN INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 L 01386 |
| | ) | |
| CAMP FLOORING & CONCRETE COATINGS, | ) | |
| INC. and ROBERT C. CAMP, individually; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

WHEREAS, the parties to this litigation, Plaintiff, McCann Industries, Inc. ("McCann"), Defendants, Camp Flooring, Inc., ("CFI") and Robert C. Camp ("Camp"), individually, and Third Party Respondents Nancy Vrdolyak and Peter J. Vrdolyak III (the "Vrdolyaks"), (all parties collectively referred to as the "Parties") shall produce documents which might contain confidential information;

IT IS HEREBY AGREED by and between the attorneys for all Parties, that:

1.    No party is conceding or admitting in any way that any information to be disclosed in this action is in fact confidential information.

2.    All documents, testimony and other information which have been, or will be, disclosed by the parties during the course of this action shall be handled in accordance with this Protective Order.

3.    The following terms shall have the following meanings:

a)      "Documents" means all written, recorded or graphic matter and any other tangible

material produced in this action by any party or non-party whether pursuant to discovery request,

subpoena or by agreement.

b)      "Transcript" means the transcript of any testimony, and the testimony itself, given

by or on behalf of the parties and any non-parties in this action.

c)      "Confidential Material" means any information (including but not limited to

documents or testimony) designated as "Confidential" pursuant to Paragraph 3, including but not

limited to any copies, excerpts or summaries thereof.

4.      Any party in this action may designate as "Confidential" any information that it in

good faith believes to contain: (a) a trade secret; (b) personal information, including but not

limited to such as Social Security numbers; (c) tax returns or other financial information which

might adversely affect either party if disclosed; or (d) commercial information, the disclosure of

which would or might adversely affect business dealings and competitive positions.    A

designation of confidentiality may be made by any party to this litigation and such designation

shall be made: (a) at the time of production, by stamping the word "Confidential" only on those

pages of the document or transcript containing confidential information; or (b) within seven (7)

days after production, by a written communication to all parties which specifically identifies the

particular pages therein to be treated as confidential.

5.      A transcript may be designated as "Confidential" either: (a) on the record; or (b)

by written communication mailed within seven (7) days after distribution of the transcript.  All

parties shall treat a transcript as confidential during that seven day period. If a portion of a

transcript is designated as "Confidential," the pages and lines of the transcript shall be identified

with specificity.  If "Confidential" treatment is requested on the record, the designating party

shall request that the court reporter mark the pages of the transcript containing the designated testimony with the designation "Confidential." If a party designates portions of the transcript "Confidential," that party may make arrangements with the court reporter to segregate and bind separately the "Confidential" portions of the transcript from the remainder of the transcript.

      6.    A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential".

      7.    Access to Confidential Material shall be restricted to the following "Qualified Persons":

      a)    the individual parties;

      b)    the employees of any party to this action who are assisting counsel in the prosecution and defense of this case;

3

c)      third-party witnesses, whether or not in the context of a deposition or hearing, who previously authored, received, or otherwise became privy to the Confidential Material;

d)      counsel of record and supporting personnel employed by such counsel, including paralegals, legal translators, legal secretaries, data entry clerks, or law clerks. Counsel are responsible for informing such personnel of the provisions of this Order and the necessity of maintaining the confidentiality of the information;

e)      independent experts, consultants, or advisors who are employed or retained by counsel for the parties to this action solely for the purpose of this litigation, including, but not limited to, proposed expert witnesses with whom counsel deems it necessary to consult concerning investigative, technical, financial or other aspects of this case, provided that these persons expressly agree to be subject to the terms of this Stipulated Protective Order;

f)      the Circuit Court of DuPage County;

g)      court reporters, stenographers and videographers;

h)      witnesses testifying at any deposition or court proceeding in this case, provided that they expressly agree to be subject to the terms of this Protective Order;

i)      document handling or photocopying companies retained by any party or counsel; or,

j)      any other person to whom the parties agree in writing or as the Court may order.

The parties agree that the employees of the Court or the Clerk's office have no duty to maintain the confidentiality of any information contained in any papers filed with the Court.

8.    In the event confidential documents must be filed with the Court, they shall be filed under seal pursuant to applicable rules.

9.    If any person or party subject to this Order receives a subpoena, notice, administrative order, request, or other legal process for Confidential Material, that person or party shall: (i) within ten (10) days notify the party to the litigation who designated Confidential Material that a subpoena requesting Confidential Material was received; and (ii) that person or party shall not respond to the subpoena or other discovery request before its return date. If any person or party files a motion to intervene prior to the return date, then the Confidential Material shall not be produced until the Court rules upon any and all objections to the subpoena or other discovery request and until any appeals from such ruling have been exhausted.

10.    Confidential Material may be used only for the purposes of the litigation of this action (including mediation, arbitration and appeals) and shall not be used for any business or other purpose, with the exception of audits or other contractual obligations which require the use of Confidential Material, except upon written consent of the designating party or by the order of Court.

11.    At the conclusion of this action, all Confidential Material, as well as any copies, excerpts or summaries thereof (including but not limited to excerpts or summaries in pleadings, briefs or memoranda, except attorney work product), shall be destroyed or, at the option of the party who designated such Confidential Material, returned to that person or party upon request. Counsel of record may retain one copy of any document containing Confidential Material filed with the court, but as to such documents the provisions of this Order shall remain in effect.

12.    The termination of the proceedings in this action shall not relieve any person or party to whom any Confidential Material has been disclosed from the obligations of this Order.

5

13.     Inadvertent production of any document or other information without a designation of confidentiality will not be deemed to waive a party's claim as to its confidential nature; provided, however, that the party later designating the document, transcript or other information as "Confidential" shall take whatever steps are reasonably necessary to inform the other parties hereto of the "Confidential" designation. Except as provided in Paragraph 4, disclosure of such document or other information by any other person or party prior to receipt of such notification shall not be deemed a violation of the provisions of this Order.

14.     Nothing herein shall preclude any party from applying to this Court, with notice to all parties, for a modification of this Order, or shall preclude any modification of this Order with the consent of all parties. No modification of this Order by the parties alone is permitted or effective if that modification would alter in any respect the provisions stated herein that: (1) require parties to obtain Court approval prior to filing documents under seal or making restrictive designations; and, (2) state the procedure for obtaining the return of any previously-sealed or previously-restricted documents after the case is closed.

15.     The parties and their respective law firms, by executing a copy of this Protective Order, undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and strictly adhered to by those under its supervision or control.

6

AGREED:

For the Plaintiff,
McCann Industries

*M. Nigro*

Michael Nigro
Nigro, Westfall, & Gryska P.C.
1793 Bloomingdale Road
Glendale Heights, Illinois 60139

For Defendant, Robert C. Camp and,
Respondents, Peter J. Vrdolyak III and
Nancy Vrdolyak

*Craig E. Donnelly*

Craig E. Donnelly
Roberts McGivney Zagotta LLC
55 W. Monroe St., Suite 1700
Chicago, Illinois 60603

DATED this ____ 12 ____ day of June, 2012.

/s/ Leston

ENTERED

7

ORDER - BLANK                                                    2116 (Rev. 10/11)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

McCann Industries

vs

Camp Flooring,
et al

09 L 1386

**CASE NUMBER**

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

① This matter is continued for a hearing on the Motion to Avoid Fraudulent Transfer on October 22, 2012 at 9:30am

② The Rule to Show Cause on Patricia Camp is Discharged. The rule misidentified Patricia Camp as a Judgment Debtor which she is not. She appeared and testified pursuant to a Citation to Discover Asset served upon her as an officer of Camp Flooring Concept Corporation. Said Citation is continued generally. Attorney Benjamin Kelly of the Undelyuk group is granted leave instanter to file his appearance in behalf of Camp Flooring Concepts Corporation.

Name: Donnelly          ☐ PRO SE          ENTER:

DuPage Attorney Number: 259767

Attorney for: Vidolyak

Address: 55 W Monroe St #1700

City/State/Zip: Chicago IL 60603          Judge

Telephone: 312 251-2287          Date: 7-23-12

⑤

IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT
DUPAGE COUNTY, WHEATON, ILLINOIS

MC CANN INDUSTRIES, INC.   )
      Plaintiff  )
  -VS-      )  NO. 09 L 01386
         )
CAMP FLOORING & CONCRETE COATINGS, )
INC. and ROBERT C. CAMP, individually  )
     Defendant  )

## ORDER

  This cause coming on to be heard on Plaintiff's Motion to Avoid Fraudulent Transfers

and the court hearing the evidence and considered the arguments of counsel and being fully

advised in the premises,

**The Court hereby makes the following findings:**

1. There are four elements to state a claim under the **Uniform Fraudulent Transfer Act** *740*

*ILCS 160/6(b)(* UFTA)

  a. The transfers were made after plaintiff's claim was made

  b. The transfers were made to insiders for an antecedent debt

  c. When the debtor was insolvent and

  d. The transferee had reasonable cause to believe that the debtor was insolvent.

2. The proofs established each of the above elements.

  a. Robert C. Camp (Camp) made certain transfers to Peter J. Vrdolyak III and Nancy

   Vrdolyak  (the Vrydolyaks) on April 6, 2011, long after the plaintiff's claim was

   made herein.

1

i)     On April 6, 2011 as part of a Note Modification Agreement, Robert C. Camp, pledged his member interest in Charter Fitness Holding 1, LLC and Founders Crossing 1B, LLC to Peter J. Vrdolyak III.

ii.)     Robert C. Camp and Patricia A. Camp granted a Subordinated Mortgage to the Vrdolyaks dated April 6, 2011 and recorded as R2011-045876 with the DuPage County Illinois Recorder of Deeds on the Camp property at 1600 Heather Ln, Darien, Illinois.

iii.)     In addition, Robert C. Camp and Patricia A. Camp granted to the Vrdolyaks a Subordinated Mortgage, dated April 6, 2011 and recorded as 2011-0296446, with the Maricopa County Arizona Recorder of Deeds on the Camp property at 434 W. Smoketree Rd., Gilbert, Arizona.

b.     The transfers were to insiders for antecedent debts.     The Vrydolyaks were and are at the aforesaid times "insiders" as to Camp as defined by *740 ILCS 160/2(g)*, which states that an "Insider" includes a relative of the debtor. Relative is defined as anyone related by consanguinity within the third degree, including spouses thereof. *740 ILCS 160/2(k)*.

The mortgages and pledges of Camp's member interests were to secure a series of existing Demand Promissory Notes, dated from November 14, 2008 to January 11, 2011. There was no adequate consideration to support the extension of the maturity date of the Demand Promissory Notes, since Vrydolyaks knew that Camp had no reasonable expectation to be able to pay the Notes on the extended date. The transfer of the motorcycle was to reduce the antecedent debts.

2

c.    The transfers were made when Camp was insolvent.

d.    The transfers were made when the Vrdolyaks had reasonable cause to believe that
Camp was insolvent.

4.    The exception in *740 ILCS 160/9(f)(3)* does not apply, because the transfers were not part a
good-faith effort to rehabilitate the debtor. The debtor had no reasonable prospect of paying the
loans to the Vrdolyaks on the new maturity date.

**IT IS HEREBY ORDERED that Plaintiffs Motion to Avoid Fraudulent Transfers is
granted as follows:**

1.    The Pledge Agreement, dated April 6, 2011 between Peter J. Vrdolyak III and
Robert C. Camp, pledging Camp's interest in Charter Fitness Holding 1, LLC and Founders
Crossing 1B, LLC to Peter J. Vrdolyak III. is declared void;

2.    The Subordinated Mortgage, from Robert C. Camp and Patricia A. Camp to Peter J.
Vrdolyak III and Nancy Vrdolyak dated April 6, 2011 and recorded as R2011-045876 with
the DuPage County Illinois Recorder of Deeds relating to the Camp property at 1600
Heather Ln, Darien, Illinois, is declared void.

3.    The Subordinated Mortgage. from Robert C. Camp and Patricia A. Camp to Peter J.
Vrdolyak III and Nancy Vrdolyak dated April 6, 2011 and recorded as 2011-0296446 with
the Maricopa County Arizona Recorder of Deeds, is declared void.

4.    The law firm of Roberts McGiveny Zagota LLC shall disburse one-half of the sale
proceeds it is holding from the sale of 434 W. Smoketree Road, Gilbert, AZ to McCann

3

Industries, Inc. c/o its attorneys which equals $8,723.52. The balance of the proceeds may
be distributed as Patricia Camp may direct.

5.      The transfer of the Harley Davidson motorcycle by Robert C. Camp to Peter J.
Vrdolyak III and/or Nancy Vrdolyak is declared void. The Vrdolyaks shall turn over the
Harley Davidson motorcycle to McCann Industries, Inc. for a credit of $10,000 on the
judgment herein against Robert C. Camp or shall deliver to the Sheriff of DuPage for a
public sheriff's sale with the proceeds after the Sheriff's costs to be paid to the Plaintiff.
Said transfer shall be made within 14 days _at_ *the option of Peter Vrdolyak III*

6.      Robert C. Camp is enjoined for a period of 60 days from otherwise transferring any
interest in the aforesaid property.

November __l__, 2012                          By: ___S] Leston___
                                                    Judge

Michael T. Nigro
Attorneys for Plaintiff
Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
(630)682-9872
Atty No. 57176

4

ORDER - BLANK

2116 (Rev. 10/11)

STATE OF ILLINOIS

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

COUNTY OF DU PAGE

Mc Cann Industries Inc

vs

Gary Flooring +
Concrete Cuttings et al

C 12-1386
**CASE NUMBER**

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

Defendant and respondent are granted

22 days to respond to Plaintiff's Motion for

Charging Orders. Plaintiff is granted 7 days

to reply and said matter is set for hearing

on 12-17-12 at 9:30 AM

Name: M Wyatt        ☐ PRO SE

DuPage Attorney Number: C 7176

Attorney for: Plaintiff

Address:

City/State/Zip: Bloomingdale Heights, IL

Telephone: 630-692-9971

ENTER:

/s/ Leston

Judge

Date: 11-1-12



IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT
DUPAGE COUNTY, WHEATON, ILLINOIS

| | |
|---|---|
| MC CANN INDUSTRIES, INC. | ) |
|           Plaintiff | ) |
|     -VS- | )    NO.   09 L 01386 |
| | ) |
| CAMP FLOORING & CONCRETE COATINGS, | ) |
| INC. and ROBERT C. CAMP, individually | ) |
|          Defendant | ) |

## CHARGING ORDER

This cause coming on to be heard on Plaintiff MCCANN INDUSTRIES, INC.'s Motion

for a Charging Order pursuant to *805 ILCS 180/30-20* against Robert C. Camp's distributional

interests in Founders Crossing 1B, LLC and Charter Fitness Holding I, LLC, and the court

having considered the arguments of counsel and being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

A.    A lien is imposed on the judgment debtor's distributional interest in Founders

Crossing 1B, LLC and Charter Fitness Holding I, LLC in favor of Plaintiff to the extent of

the judgment balance herein.

C.    Founders Crossing 1B, LLC and Charter Fitness Holding I, LLC, Nev Management,

LLC, and Peter J. Vrydolyak, III as Manager thereof, and any subsequent Managers of said

limited liability companies shall

1.)    pay to Plaintiff all distributions due or to become due the judgment debtor

until the judgment herein is paid in full;

2.)    provide Plaintiff with all communications as to the status of the company

and financial reports that they provide their respective members and to provide

1

*the*

~~Plaintiff~~ with ~~all~~ information regarding said limited liability companies as the

judgment debtor may be entitled including ~~but not limited to~~ records showing all
Financial statements,
distributions to members, IRS Form K-1 reports to the judgment debtor, and United

States Federal Tax returns for 2011 and subsequent years;

D.     The court retains jurisdiction for the enforcement of this Order.

E.     The protective order previously entered shall
apply to all documents provided.

December 13, 2012                      S/ Leston
                                       Judge

Michael T. Nigro
Attorneys for Plaintiff
Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Heights, IL  60139
(630)682-9872
Atty No.  57176

2

ORDER - BLANK

2116 (Rev. 10/11)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

Mc Cann Industies, Inc

vs

Comp Flooring

09 L 1386
**CASE NUMBER**

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:** _____

_Robert Comp is granted 21 days to respond_
_Plaintiffs Motion to Impress Judicial Lien_
_on Beneficial Interest. Plaintiff will_
_have 10 days thereafter to reply._

_Said Motion is set for hearing on_
_1-22-13 at 9:30 AM._

Name: ___M. V. ___ ☐ PRO SE        ENTER:
DuPage Attorney Number: ___57176___
Attorney for: ___π___
Address: _____              /s/ Leston.
City/State/Zip: _Glendale Hts_                    Judge
Telephone: _630-682-9871_      Date: _12-17-12_

ORDER - BLANK                                    #2                    2116 (Rev. 10/11)

STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

Mc Conn Industries

vs

Camp Flooring
et al

09 L 1386
**CASE NUMBER**

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, IT IS HEREBY ORDERED:

1) The Bankruptcy of Robert Camp is speak of record and all matters against Robert Camp are stayed pursuant to the bankruptcy stay. The hearing on Plaintiff Motion to Impose a Judicial Lien set for 1-22-13 is stricken.

2) Dori Fezzuoglio is granted 7 days to file her Reply in support of her Motion to Amend the Order dated 12-17-12. Hearing on said Motion is set for January 31, 2013 at 9:30 am

Name: M. Nigro          ☐ PRO SE          ENTER:
DuPage Attorney Number: 57176
Attorney for: TT
Address:                                    /s/ Leaton
City/State/Zip: Glendale Hts              Judge
Telephone: 630-697-4872      Date: 1-15-13

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707